FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 JUN 12 A 10: 12
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CARL DUANE WILLIAMS,

    Petitioner,

v.                             CIVIL ACTION NO.: CV213-032

JOSE MORALES, Warden,

    Respondent.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Carl Williams ("Williams"), who is currently incarcerated at Johnson State Prison in Wrightsville, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his convictions obtained in the Glynn County Superior Court. Respondent filed an Answer-Response and a Motion to Dismiss. Williams filed a Response. Williams also filed a Motion to Amend, which is **GRANTED**. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Williams was convicted, after entering a guilty plea, of aggravated assault, being a peeping Tom, burglary, criminal attempt to commit rape, aggravated sodomy, and cruelty to children. On February 22, 1995, Williams was sentenced to a total of 40 years' imprisonment. Williams did not file a direct appeal or a petition for writ of habeas corpus in state court. (Doc. No. 1, p. 2; Doc. No. 5, p. 4).

In this petition, which was filed on March 1, 2013, Williams contends that he entered into a guilty plea on a single, multiple count indictment, but the trial court

erroneously considered aggravating factors. Williams asserts that these aggravating factors increased his statutory maximum sentence and added a new factor in his indictment. Respondent avers that Williams' petition is untimely and should be dismissed.

## DISCUSSION AND CITATION OF AUTHORITY

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1).[1] For those prisoners whose state convictions became final prior to the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") on April 24, 1996, this one year statute of limitations period began to run on that date. Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998). Thus, these prisoners must have filed a federal petition for writ of habeas corpus prior to April 24, 1997, to be considered timely. Moore v. Campbell, 344 F.3d 1313, 1319-20 (11th Cir. 2003) (concluding the one-year statute of limitations period applicable to collateral attacks of pre-AEDPA obtained convictions is calculated using Rule 6(a) of the Federal Rules of Civil Procedure, i.e., the day giving rise to the events is not counted). The limitations period could be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2).

---

[1] This statute of limitations period ordinarily runs from the latest of four possible dates: (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review; (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). However, Williams' convictions were final prior to April 24, 1996, and the ordinary statute of limitations triggering events are not applicable to this case.

2

AO 72A
(Rev. 8/82)

Williams' conviction became final when the time for seeking direct review of his conviction elapsed. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Williams pleaded guilty in the Glynn County Superior Court on February 22, 1995. Williams did not file a notice of appeal with either the Georgia Court of Appeals or Supreme Court. However, Williams had thirty days in which to do so. O.C.G.A. § 5-6-38 ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."). Thus, his conviction became final on or about March 24, 1995. Because Williams' conviction became final prior to the enactment of the AEDPA, he had until April 24, 1997, to file a timely federal habeas corpus petition.[2]

Williams did not file a petition for writ of habeas corpus in any state court, and the Court need not consider whether the statute of limitations was tolled based on such a filing. The Court must now decide whether Williams is entitled to equitable tolling of the statute of limitations. A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008). "'The burden of establishing entitlement to this

---

[2] To the extent Williams asserts that the statute of limitations should be extended or tolled based on the discovery of new evidence, this assertion is without merit. Section 2244(d)(1)(D) would govern in that situation. See n.1. There is no evidence before the Court that Williams' alleged newly discovered evidence could not have been discovered prior to the date he filed this petition. In fact, Williams fails to inform the Court of when he discovered this "evidence" except that he did not know of it until "recently". (Doc. No. 11, p. 4). A review of the guilty plea transcript reveals that Williams was informed that the maximum sentence he could face, if he were sentenced consecutively, would be three (3) life sentences plus 104 years' imprisonment. Williams stated that he understood. (Doc. No. 9-2, p. 6).

extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

Williams has made no showing that he has been pursuing his rights diligently since his 1995 convictions or that some extraordinary circumstance prevented him from being able to file this petition in a timely manner. The undersigned notes Williams' contention that he has been trying to obtain the transcripts from his criminal proceedings, but Williams does not set forth any facts indicating that he was pursuing his rights—diligently or otherwise—for the over eighteen (18) years since he was convicted.[3] Williams is not entitled to equitable tolling of the statute of limitations.

## CONCLUSION

For the above reasons, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. Williams' petition, filed pursuant to 28 U.S.C. § 2254, should be **DISMISSED**, with prejudice, as it was not timely filed.

**SO ORDERED and REPORTED and RECOMMENDED** this 12th day of June, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[3] Williams generally asserts that a state-created impediment prevented him from filing a timely section 2254 petition and that § 2244(d)(1)(B) provides the proper statute of limitations triggering event. Williams does not set forth any fact in support of this conclusory assertion. See n.1.

AO 72A
(Rev. 8/82)